1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                          FOR THE COUNTY OF MULTNOMAH

6

| | |
|---|---|
| WILFRED HEUER,<br><br>     Plaintiff,<br><br>     v.<br><br>GREENRIDGE ESTATES OPERATING, LLC<br>a foreign Corporation, doing business as<br>GREENRIDGE ESTATES and GREENRIDGE<br>ESTATES ASSISTED LIVING FACILITY;<br>GREENRIDGE ESTATES PROPERTY, LLC,<br>a foreign Corporation, doing business as<br>GREENRIDGE ESTATES and GREENRIDGE<br>ESTATES ASSISTED LIVING FACILITY;<br>HEALTH RESOURCES INC. ,<br><br>     Defendant. | Case No. 22CV01072<br><br>**NOTICE TO THE CLERK AND TO<br>ADVERSE PARTIES: REMOVAL TO<br>FEDERAL COURT** |

16 **TO THE CLERK OF THE CIRCUIT COURT OF THE STATE OF OREGON FOR**

17 **MULTNOMAH COUNTY:**

18   Defendants Greenridge Estates Operating, LLC and Greenridge Estates Property, LLC

19 ("Defendants") hereby provide notice pursuant to 28 U.S.C. § 1446(d) that they have filed a

20 Notice of Removal with the office of the Clerk of the United States District Court for the District

21 of Oregon, Portland Division, a copy of which is attached here as Exhibit A.

22   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a), these proceedings are to be

23 removed to federal court. Further, as set forth at 28 U.S.C. § 1446(d), this court shall proceed no

24 further unless and until the case should be remanded by the United States District Court for the

25 District of Oregon.

26

LINDSAY HART, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

1

2

Dated this 11th day of February, 2022.

3

4

                        LINDSAY HART, LLP

5

6

              By:  */s/ Matthew N. Miller*

7                    Kelly A. Giampa, OSB No. 980216
                     kgiampa@lindsayhart.com

8                    Matthew N. Miller, OSB No. 150113
                     mmiller@lindsayhart.com

9                    *Attorneys for Defendants Greenridge Estates Operating,*
                     *LLC and Greenridge Estates Property, LLC*

10
                     Trial Attorney: Kelly A. Giampa

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 –   **NOTICE TO THE CLERK AND TO ADVERSE**
           **PARTIES: REMOVAL TO FEDERAL COURT**

**EXHIBIT 1**
**Page 2 of 19**

LINDSAY HART, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

1                         <u>CERTIFICATE OF SERVICE</u>

2         I hereby certify that on February 11, 2022 I served a copy of **NOTICE TO THE CLERK AND TO ADVERSE PARTIES: REMOVAL TO FEDERAL COURT** on the

3 following person(s) in the manner indicated below at the following address(es):

4       Thomas D'Amore
      Amy Bruning

5       4230 Galewood Street, Suite 200
      Lake Oswego, OR  97035

6       tom@damorelaw.com

7       amy@damorelaw.com

8          Attorneys for Plaintiff

9

10 ☒    by Electronic Mail
☐    by Facsimile Transmission

11 ☒    by First Class Mail
☐    by Hand Delivery

12 ☐    by Overnight Delivery

13

14 ☐    A courtesy copy was also emailed to the email addresses listed above

15

16         By:   <u>*/s/ Matthew N. Miller*</u>

17              Kelly A. Giampa, OSB No. 980216
             kgiampa@lindsayhart.com

18              Matthew N. Miller, OSB No. 150113
             mmiller@lindsayhart.com

19              *Attorneys for Defendants Greenridge Estates Operating, LLC and Greenridge Estates Property, LLC*

20              Trial Attorney: Kelly A. Giampa

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

**EXHIBIT 1**
**Page 3 of 19**

LINDSAY HART, LLP
1300 SW FIFTH AVENUE, SUITE 3400
PORTLAND, OREGON 97201-5640
PHONE: 503-226-7677 FAX: 503-226-7697

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WILFRED HEUER,<br><br>    Plaintiff,<br><br>    v.<br><br>GREENRIDGE ESTATES OPERATING, LLC, a foreign Corporation, doing business as GREENRIDGE ESTATES and GREENRIDGE ESTATES ASSISTED LIVING FACILITY; GREENRIDGE ESTATES PROPERTY, LLC, a foreign Corporation, doing business as doing business as GREENRIDGE ESTATES and GREENRIDGE ESTATES ASSISTED LIVING FACILITY; HEALTH RESOURCES INC.<br><br>    Defendants. | Case No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br>(Personal Injury)<br><br>PRAYER: $720,000.00<br>(Filing Fee Pursuant to ORS 21.160(1)(c))<br><br>CLAIM NOT SUBJECT TO MANDATORY ARBITRATION<br>(Pursuant to UTCR 13.060) |

Plaintiff alleges:

**PARTIES**

I.

Green Ridge Estates, an assisted living facility, is a business that provides living space and care to vulnerable patients who are unable to care for themselves because they are suffering from significant mental health issues. In November 2019, the family of Wilfred Heuer, age 72, entrusted him to Greenridge. He needed more care than the family could provide due to his combat-induced PTSD from his time as a marine serving three tours in Vietnam, moderate bipolar disorder, a

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**EXHIBIT 1**
**Page 4 of 19**

traumatic brain injury, and dementia. While a resident at the facility, Wilfred Heuer fell repeatedly

sustaining broken ribs, fractured vertebra, and bruising. He lost significant weight, going down to

141 pounds, and did not receive his long prescribed Depakote.

2.

At all times relevant, Mr. Heuer resided at Greenridge 24 hours a day as a resident patient

and was a vulnerable person under ORS 124.100.

**JURISDICTION AND VENUE**

3.

Greenridge Estates Operating, LLC is a for-profit foreign corporation licensed in the State

of Oregon with an agent and manager at Greenridge Estates, and with a principal place of business

at 801 Broad Street, Suite 200, Chattanooga, TN, 37402. It does regular and sustained business in

Lake Oswego, Oregon. Greenridge Estates Property, LLC does regular and sustained business in

Lake Oswego, Oregon under the assumed business names of "Greenridge Estates" (hereinafter

collectively Greenridge). Its principal place of business at 4 Greenridge Dr, Lake Oswego, OR

97035. Greenridge is owned by Health Resources, Inc. Other communities under the umbrella

of Health Resources Inc. include 19 other Independent Living, Assisted Living, and Nursing

Home communities throughout Oregon, Washington, Idaho, and Arkansas.

4.

At all times relevant, defendants were and are in the for-profit business of providing care as

a 24 hour health facility and are subject to the requirements of federal and state law. At all relevant

times defendants, by and through their staff, were under a duty to provide trained personnel and

adequate facilities for the care of decedent in accordance with the accepted standards of prevailing

licensed care facility practices, Volume 42, Code of Federal Regulations, Part 483 setting forth

{00523220;1}
Page 2 – COMPLAINT

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**EXHIBIT 1**
**Page 5 of 19**

Medicare and Medicaid Requirements for Long Term Facilities ("OBRA Regulations"), Oregon Revised Statutes ("ORS"), and the Oregon Administrative Rules ("OAR").

## FACTUAL BACKGROUND

5.

Mr. Heuer became a resident of Greenridge's facility on or about November 19, 2019. He remained at that facility until March 7, 2020. Mr. Heuer was 72 years old and suffered from dementia, combat-related PTSD, traumatic brain injury, and moderate bi-polar disease. Greenridge promotes itself as offering customized care for elderly patients, including those with Alzheimer's disease and dementia. Greenridge assured Mr. Heuer's family that it would provide all needed assistance including the following: dressing, grooming, personal hygiene, bathing, eating, nighttime preparations, and medication management. Greenridge knew that Mr. Heuer was mentally impaired and had deficiencies with his judgment, memory, and communications, and his confusion was worsening.

6.

Greenridge systematically and routinely solicited and retained residents with Alzheimer's disease and other cognitive disabilities.

## CLAIM FOR RELIEF

### (Negligence)

7.

Defendants and their staff knew that Mr. Heuer was a serious fall risk given his medical condition. As a care provider, defendants had a duty to use that degree of care, skill, and diligence used by like facilities in the same or similar circumstances. Acting by and through its employees, agents and servants, defendants failed to use such care, skill and diligence and was thereby negligent

{00523220;1}
Page 3 – COMPLAINT

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

EXHIBIT 1
Page 6 of 19

in one or more of the following ways:

(a)    In failing to correctly assess and identify Mr. Heuer as a fall risk.

(b)    In failing to make, follow, or adjust a service plan for falls while it knew or should have known Mr. Heuer was a serious fall risk due to his dementia, confusion, PTSD, anxiety, need for assistance, use of an assistive device, unsteady gait, medications, incontinence, and history of falls.

(c)    In failing to order or review medical records or consult with his medical providers about his needs before or after his admission.

(d)    In failing to make adequate fall precautions after admitting him to the facility, and after the first fall in defendant's facility. These interventions should have included things like lowering his bed, using a tab or bed alarm, placing a fall cushion next to his bed, moving the call light closer to his bed, adding a bed trapeze grab bar and transfer assist pole, placing side rails on his bed, and/or similar measures.

(e)    In failing to assess and intervene after repeated falls. Such assessment after the first fall should have included analysis of things like the likely impact of medications (or lack thereof) on his judgment, balance, and other systems; the seriousness of multiple falls and how to prevent another fall or minimize injury after such a fall. Interventions should have included things like 15-minute checks, fall interventions, checking to make sure the call light was functioning and in reach, request for family input on a care plan, and assessing the pain, injuries, bruising, and general worsening of his condition. Additional interventions should have included things like seeking emergency care, seeking other medical care, pain interventions, medication review, toileting program, review of his ADL status, calling his primary care provider, calling

{00523220;1}
Page 4 – COMPLAINT

D'AMORE    4230 Galewood St., Ste. 200
LAW GROUP    Lake Oswego, OR 97035
             (503) 222-6333

**EXHIBIT 1**
**Page 7 of 19**

the family, having an RN do a full assessment, and other similar actions.

(f)    Failing to move Mr. Heuer to a more appropriate facility or level of care.

(g)    Failing to contact a physician and get appropriate orders regarding his falls and/or pre-fall fall risk in a timely manner.

(h)    In failing to properly monitor and adjust his medications to address his behaviors prior to his injury.

(i)    In failing to provide sufficient direct care staff to care for a frail, elderly resident with a known history of falls and confusion. And/or

(j)    In failing to promptly transport Mr. Heuer back to a hospital or other care facility for appropriate care in a timely manner.

8.

Plaintiff's family brought with them and provided to Defendants a large supply of his prescribed Depakote. Defendants and their staff knew that Mr. Heuer needed his medications and that without them he would decline quickly. Despite that, it:

(a)    Failed to ask his primary care provider or mental health provider for orders to provide Depakote;

(b)    Failed to inform the family that it would not provide the Depakote without such orders;

(c)    Threw the medication away rather than return it to the family or notify the family it was throwing the medication away;

(d)    Failed to notify Mr. Heuer's physician that he was not being provided Depakote that had come to the facility with him;

(e)    Failed to schedule an appointment with a VA psychiatric nurse practitioner as

{00523220;1}
Page 5 – COMPLAINT

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

EXHIBIT 1
Page 8 of 19

requested by his medical provider;

(f)    Failed to schedule an appointment for Mr. Heuer to see his primary care for prescription management as his mental status declined; and/or

(g)    Failed to notify Mr. Heuer or his family that he was not getting his Depakote.

9.

Because of his impaired judgment, memory, and communication due to his diagnoses, Defendants' service plan required assistance with managing and taking his medications.

10.

Mr. Heuer became progressively weaker and sicker as he went without his medication and continued falling and suffering injuries. On March 7, 2020, Mr. Heuer was taken to the emergency department, where medical providers found broken ribs, fractured vertebra, bruising, and serious weight loss.

12.

As a care provider, Greenridge owed a duty to Mr. Heuer to provide him with 24-hour basic care and nursing services necessary to attain and maintain Mr. Heuer's highest practicable levels of physical, mental, and psychosocial well-being.

13.

When Greenridge accepted Mr. Heuer as a resident it accepted his and his family's trust and confidence and accepted the fiduciary relationship which was then created.

14.

Greenridge owed to Mr. Heuer and his family a fiduciary duty of utmost good faith and fair dealing with respect to Mr. Heuer's care, safety, and dignity.

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

EXHIBIT 1
Page 9 of 19

15.

In addition, without limiting the generality of the foregoing, Greenridge owed a duty to Mr. Heuer to:

a.  assume responsibility for resident health and safety, assistance with activities of daily living and instrumental activities of daily living, provision of leisure, recreational, and therapeutic activities, supervision of nutritional needs, and medication administration, and to make response staff available at all times to meet the 24-hour per day scheduled and unscheduled needs of all residents in its care;

b.  establish and maintain a patient care plan that would have protected Mr. Heuer from the failure to provide necessary medication;

c.  inform his physician if he was regularly refusing to have his weight taken or if his weight was declining;

d.  provide a nursing assessment as soon as a significant change in condition occurred and every 90 days;

e.  maintain nursing and other staffing at levels adequate to meet the needs of residents, including Mr. Heuer;

f.  train its staff and have protocols for when a resident with compromised judgment refused medication that her medical power of attorney instructs the staff to provide;

g.  follow proper nursing and facility care standards to maximize the health, safety and well-being of Mr. Heuer;

h.  ensure that Mr. Heuer was free from neglect and abuse;

i.  ensure that Mr. Heuer was in a proper level of facility for his needs and that Greenridge could meet his care needs.

{00523220;1}
Page 7 – COMPLAINT

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

EXHIBIT 1
Page 10 of 19

Greenridge negligently failed these duties, which was a cause of harm to Mr. Heuer.

16.

Further, acting by and through its employees, agents, and servants, Greenridge failed to use the care, skill and diligence of a reasonable caregiver, and was thereby negligent and/or reckless in one or more of the following ways:

a.  In failing to provide adequate staffing for its residents based on acuity and need;

b.  In failing to assess and intervene when Mr. Heuer's symptoms impaired his ability to follow his doctor's instructions;

c.  In failing to assess and intervene when Mr. Heuer's dementia impaired his ability to make medical decisions;

d.  In failing to give Mr. Heuer his prescribed medications;

e.  In failing to assess and intervene when Mr. Heuer began falling;

f.  In failing to move Mr. Heuer to a higher level of care when Greenridge was unable to meet his needs;

g.  In failing to provide basic care to protect his dignity, such as assistance with showers, changing into fresh clothes after incontinence, keeping his nails trimmed and neat, ensuring he had his medical alert lanyard, responding to call lights within a reasonable time, assisting with eating and drinking, and more.

17.

Defendants knew the risk of not providing a prescribed medications to patients, including Mr. Heuer. Greenridge did not act properly to ensure that Mr. Heuer received proper assessments or interventions when his health was threatened by not receiving his medications.

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

EXHIBIT 1
Page 11 of 19

18.

Greenridge understaffed its facility so that its employees could not adequately assess, assist, and supervise memory-impaired patients such as Mr. Heuer, which subjected him to physical harm.

**DAMAGES**

19.

As a result of Greenridge's negligence, Mr. Heuer suffered bodily injuries and physical illness. He is entitled to full and fair compensation in a sum not to exceed $500,000 to justly and fairly compensate him for his pain, suffering, loss of dignity, humiliation, and other non-economic damages.

20.

Mr. Heuer also incurred approximately $170,000.00 in medical expenses due to defendants' neglect. He will likely continue to incur additional medical expenses currently estimated for purposed of ORCP 18B in the amount of $50,000.

**PRAYER FOR RELIEF**

21.

WHEREFORE, plaintiff prays for judgment against defendants for:

1.  An amount not to exceed $500,000 for the non-economic damages of Mr. Heuer;

2.  Medical expenses of approximately $220,000.00, estimated past and future; and

3.  Reimbursement of all costs and disbursements incurred herein and any other relief the court determines to be just and proper.

{00523220;1}
Page 9 – COMPLAINT

D'AMORE    4230 Galewood St., Ste. 200
LAW GROUP   Lake Oswego, OR 97035
           (503) 222-6333

**EXHIBIT 1**
**Page 12 of 19**

1    DATED this 30th day of December, 2021.

2

3                                            D'AMORE LAW GROUP, P.C.

4                            By:

5                                  _____
                                   Thomas D'Amore, OSB No. 922735
6                                  Email: tom@damorelaw.com
                                   Amy Bruning, OSB No. 175811
7                                  Email: amy@damorelaw.com
                                   4230 Galewood Street, Suite 200
8                                  Lake Oswego, OR 97035
                                   Telephone: (503) 222-6333
9
                                   *Attorneys for Plaintiff*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

{00523220;1}
Page 10 – COMPLAINT

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

EXHIBIT 1
Page 13 of 19

1

**CERTIFICATE OF SERVICE**

2
I hereby certify that on the below date, I served a true and correct copy of the foregoing

3
**Complaint** on the following in the manner(s) described below:

4
Kelly Giampa
Email: kgiampa@lindsayhart.com
5
Lindsay Hart LLP
1300 SW 5th Ave., Suite 3400
6
Portland, OR  97201

☐ Odyssey File and Serve
☒ Email
☐ First Class Mail
☐ Facsimile
☐ Hand Delivery

7
*Of Attorneys for Defendant Greenridge Estates*

8

9

10
DATED this 30th day of December, 2021.

11

12
D'AMORE LAW GROUP, P.C.

13
By: _____*s/ Chloe Thompson*_____
Chloe Thompson, Paralegal

14

15

16

17

18

19

20

21

22

23

24

D'AMORE LAW GROUP    4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**EXHIBIT 1**
**Page 14 of 19**



**THOMAS D'AMORE**
*Licensed in Oregon, Washington and California*
**DOUGLAS OH-KEITH**
*Licensed in Oregon and California*
**AMY BRUNING**
*Licensed in Oregon*
**SEAN STOKES**
*Licensed in Oregon, Connecticut and Massachusetts*
**BEN TURNER**
*Licensed in Oregon and Washington*

January 6, 2022

**SENT VIA ODYSSEY FILE & SERVE**

**Civil Court Clerk**
**Multnomah County Circuit Court**
**1200 SW First Avenue**
**Portland, OR 97204**

Re:     **RESUBMISSION OF REJECTED FILING, RELATION-BACK DATE OF**
            **FILING REQUESTED**
            *Heuer v. Greenridge Estates Operating, LLC, et al.*

Dear Clerk:

Pursuant to UTCR 21.080(5)(a), Plaintiff advises that on December 30, 2021 at 3:21 p.m., counsel electronically submitted the attached Complaint. The Court rejected the filing on January 3, 2022 for the stated reason that the Complaint had the incorrect filing fee amount and that the Complaint had the incorrect responsible party selected.

We are correcting these mistakes with the current filing and requesting that the court relate back the filing date of the Complaint to its original filing on Thursday, December 30, 2021.

Please do not hesitate to contact me if you have any questions. Thank you for your time and courtesy in this matter.

Very truly yours,
**D'AMORE LAW GROUP, P.C.**

Amy Bruning
amy@damorelaw.com

{00524797;1}

4230 Galewood Street, Suite 200  •  Lake Oswego, Oregon 97035  •  *Phone* 503.222.6333  •  *Fax* 503.224.1895  •  www.damorelaw.com

**EXHIBIT 1**
**Page 15 of 19**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

WILFRED HEUER,

                                                     Case No. 22CV01072

            Plaintiff,

    vs.

GREENRIDGE ESTATES OPERATING, LLC., a
foreign Corporation, doing business as
GREENRIDGE ESTATES and GREENRIDGE ESTATES
LIVING FACILITY; GREENRIDGE ESTATES PROPERTY,
LLC, a foreign Corporation, doing business as
GREENRIDGE ESTATES ASSISTED LIVING FACILITY,
HEALTH RESOURCES, INC.,

                                                   PROOF OF SERVICE

            Defendants.

---

State of Oregon        )

County of Clackamas    )

I, Debbie White, hereby certify that I am competent and over the 18 years, a resident of
The State of Oregon and not a party to, employee of, nor an attorney in the above-entitled
cause and that I served a true copy of: *Summons; & Complaint*

Service Made Upon:   **Greenridge Estates Operating, LLC**  by leaving such true copy with:
Cindy Braswell, Administrative Assistant and Person Authorized to Accept on behalf of
Winston Tonack, Registered Agent; at: 4 Greenridge Drive, Lake Oswego, Oregon on
January 12, 2022 at 12:22 PM.

**EXHIBIT 1**
**Page 16 of 19**

I hereby certify that the person served by me is the identical person named in the action.

Date:  January 12, 2022

Debbie White

On-Call Legal Courier Services, LLC

PO Box 33841

Portland, OR  97292

(503) 880-2475

Page –2–/Proof of Service/Greenridge Estates Operating, LLC (Wildred Heuer)

EXHIBIT 1
Page 17 of 19

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

WILFRED HEUER,

                                        Case No. 22CV01072

        Plaintiff,

  vs.

GREENRIDGE ESTATES OPERATING, LLC., a
foreign Corporation, doing business as
GREENRIDGE ESTATES and GREENRIDGE ESTATES
LIVING FACILITY; GREENRIDGE ESTATES PROPERTY,
LLC, a foreign Corporation, doing business as
GREENRIDGE ESTATES ASSISTED LIVING FACILITY,
HEALTH RESOURCES, INC.,

                                          PROOF OF SERVICE

        Defendants.

---

State of Oregon        )

County of Clackamas     )

 I, Debbie White, hereby certify that I am competent and over the 18 years, a resident of

The State of Oregon and not a party to, employee of, nor an attorney in the above-entitled

cause and that I served a true copy of: *Summons; & Complaint*

Service Made Upon:   **Greenridge Estates Property, LLC.,**  by leaving such true copy with:

Cindy Braswell, Administrative Assistant and Person Authorized to Accept on behalf of

Winston Tonack, Registered Agent; at: 4 Greenridge Drive, Lake Oswego, Oregon on

January 12, 2022 at 12:22 PM.

**EXHIBIT 1**
**Page 18 of 19**

I hereby certify that the person served by me is the identical person named in the action.

Date:  January 12, 2022

Debbie White

On-Call Legal Courier Services, LLC

PO Box 33841

Portland, OR  97292

(503) 880-2475

Page –2-/Proof of Service/Greenridge Estates Property  LLC (Wildred Heuer)

**EXHIBIT 1**
**Page 19 of 19**